UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Tampa Division

## CIVIL RIGHTS COMPLAINT FORM

ROWELL DEWAYNE ROWELL
#11026901

CASE NUMBER: 8:13cv702 T35 EAJ
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

ARMOR CORRECTIONAL HEALTH INCORPORATION,
QUAMRUL CHOWDHURY, M.D. #109157

2013 MAR 19 AM 11:32
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA
FILED

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Hillsborough County,
(Indicate the name and location)
Falkenburg Road Jail

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (X)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)

1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (■)

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No (■)

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (■)

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)        2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (X)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (X)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (X)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (X)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 14th day of March, 2013.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (●) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (●) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (●) No ( )

C. If your answer is YES:

1. What steps did you take? Standard interdepartmental (Hillsborough County Jail) Grievance Protocol.

2. What were the results? General review Denied proper redress into herein stated issues.

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses. — See (Resubmitted) Petition.

D. If your answer is NO, explain why not: N/A — N/A

---

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 14th day of ~~February~~ March, 2013.

L. Rowell

L. Rowell #11006901
Signature of Plaintiff

IV. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (☒) No ( )

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (☒)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): LAMARK DEWAYNE ROWELL

   Defendant(s): ARMOR CORRECTIONAL MEDICAL INC.

2. Court (if federal court, name the district; if state court, name the county): Hillsborough County

3. Docket Number: Never was given a Docket Number.

4. Name of judge: Never Appointed

5. Briefly describe the facts and basis of the lawsuit: Issues within this lawsuit is the exact same as currently being "resubmitted" before this Honorable Court.

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Petitioner never received confirmation from the Courts - See Attached Exhibit --- A.

7. Approximate filing date: 02.15.12 Review Exhibit-A, page 4 of 5.

8. Approximate disposition date: No Return/Response

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case: N/A

DC 225 (Rev. 9/03)               5

N/A
N/A
N/A
N/A          N/A

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: LaMark Deshaune Rowell

  Mailing address: Falkenburg Road Jail 520 N. Falkenburg Rd. Tampa, Florida 33619

B. Additional Plaintiffs: N/A

  N/A

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Armor Correctional Health Service Inc.

  Mailing Address: 4960 S.W. 72nd Avenue, Suite 400 Miami Florida 33155

  Position: Medical Employer/Entity

  Employed at: Hillsborough County Falkenburg Road Jail – Medical (Contracted) Provider.

D. Defendant: Chowdhury, Quamrul, M.D. #10057

  Mailing Address: 4960 S.W. 72nd Avenue, Suite 400, Miami Florida 33155

  Position: Psychiatric Doctor, M.D.

  Employed at: (Formally) Falkenburg Rd. Jail

DC 225 (Rev. 9/03)                     6

E. Defendant: N/A

Mailing Address: N/A

Position: N/A

Employed at: N/A

F. Defendant: N/A

Mailing Address: N/A

Position: N/A

Employed at: N/A

G. Defendant: N/A

Mailing Address: N/A

Position: N/A

Employed at: N/A

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Defendant's "highly intrusive nature" of treatment with psychotropic meds violates Plaintiff's Fourteenth Amendment due process rights, depriving him of his liberty.

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

On the day of March 2011 while being housed in the Hillsborough County Jail plaintiff resided in the infirmary due to his choosing to exercise his 5th Amendment (Right to remain silent) right. Plaintiff was labeled as a "Special Needs Inmate" contrary to his competence and his ability to properly function i.e.; Eat shower etc.

However, on the above-mentioned date

Statement of Facts, continued:

plaintiff was approached by Dr. Owommy Chaudhury, while inside of his cell, and asked numerous questions which plaintiff continually chose not to answer/respond. Dr. Chaudhury then became frustrated and stated to plaintiff, "I know how to make you talk." At which point he then ordered that plaintiff be administrered Prolixin, which is a psychotropic-antipsychotic drug, without plaintiff consent. Upon the administering of this drug Armor personnel ordered Hillsborough County Sheriff Office (HCSO) officials to restrain plaintiff so that this drug could be manually injected into plaintiff against his will. Plaintiff suffered akathesia (Motor restlessness) and pro-longed symptoms such as post-tramatic-stress-syndrome and severe mental anguish.

- Also Review Attached "Notice Of Prior Filingings," enclosed with this Complaint, as Exhibit ____, which is enclosed with this petition/compliant.

VIII. <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Plaintiff seeks monetary rewards in the amount of two-hundred-fifty thousand dollars in compensation damages, two-hundred-fifty-thousand dollars in punitive damage, and nominal damages of one-dollar and injunctive relief.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 14th day of March, 2013.

*L. Rowe*

(Signatures of all Plaintiffs)